OPINION
{¶ 1} Appellant, Terrance D. Barnwell, appeals from the June 8, 2005 judgment entry of the Lake County Court of Common Pleas, in which he was sentenced for assault.
 {¶ 2} On April 11, 2005, appellant was indicted by the Lake County Grand Jury on four counts: count one, assault, a felony of the fourth degree, in violation of R.C. 2903.13(A); count two, having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(1); count three, having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(2); and count four, having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3). On April 15, 2005, appellant filed a waiver of his right to be present at the arraignment and the trial court entered a not guilty plea on his behalf.
 {¶ 3} A jury trial commenced on May 2, 2005. Following trial, the jury returned a verdict of guilty on count one, assault, and not guilty on count four, having weapons while under disability. Counts two and three were dismissed.
 {¶ 4} A sentencing hearing was held on June 1, 2005. Pursuant to its June 8, 2005 judgment entry, the trial court sentenced appellant to serve a prison term of twelve months on count one, with ninety-seven days of credit for time served. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 5} "The trial court erred when it sentenced [appellant] to a more-than-the-minimum prison sentence based upon a finding of factors not found by the jury or admitted by [appellant] in violation of [appellant's] state and federal constitutional rights to trial by jury."
 {¶ 6} In sentencing appellant, the trial court relied upon judicial fact-finding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's assignment of error is with merit.
 {¶ 7} Appellant's sentence in this case is impacted by the recent decision of the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, at paragraph one of the syllabus, the Supreme Court held that R.C.2929.14(B) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296.
 {¶ 8} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B). After severance, judicial fact-finding is not required before imposing more than the minimum sentence. Foster
at paragraph two of the syllabus.
 {¶ 9} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 10} Appellant's sole assignment of error is with merit.
 {¶ 11} The sentence of the Lake County Court of Common Pleas is vacated. This case is reversed and remanded for resentencing for proceedings consistent with this opinion pursuant toFoster.
Cynthia Westcott Rice, J., Colleen Mary O'Toole, J., concur.